IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROSENDO SANTIAGO,**      :      **CIVIL NO. 1:12-CV-1108**

     **Petitioner**      :      **(Judge Rambo)**

     **v.**      :      **(Magistrate Judge Carlson)**

**WARDEN RONNIE HOLT,**      :      **FILED**

     **Respondent**      :      HARRISBURG, PA

NOV 0 8 2012

**M E M O R A N D U M**

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

Before the court is Petitioner Rosendo Santiago's motion for reconsideration (Doc. 14). Santiago seeks reconsideration of this court's October 23, 2012 dismissing his motion filed pursuant to 28 U.S.C. § 2241 (Doc. 13). In his § 2241 petition, Santiago sought relief from a 2008 Western District of New York firearm conviction under 18 U.S.C. § 924(c). The October 23, 2012 order adopted a report and recommendation by the magistrate judge in which he recommended that the petition be dismissed because the § 2241 petition should have been filed pursuant to 28 U.S.C. § 2255 before the sentencing court. In the alternative, the magistrate judge recommended that the petition be transferred to the Western District of New York. The petition was dismissed on its merits.

The case *sub judice* is not Santiago's first petition with the court seeking to have his firearms conviction set aside and his sentence adjusted. On July 28, 2011, Santiago filed a petition for a writ of habeas corpus that raised claims identical to those brought in this action. (*See* Civil No. 1:11-CV-1397; Doc. 9, Ex. C.) On September 2, 2011, the District Court entered an order transferring the petition to the Western District of New York in order to have the merits of the claims addressed,

since Santiago was legally required to bring his claims for relief in the court in which he was sentenced. (*Id.*)

On September 29, 2011, the United States District Court for the Western District of New York dismissed Santiago's petition as untimely, and observed further that Santiago had provided no substantial basis for filing his petition outside of the one-year limitations period, since the cases upon which he relied in support of his claim of actual innocence were decided prior to Santiago's conviction. (Doc. 9, Ex. D, at 1-2.) Santiago appealed this adverse decision to the United States Court of Appeals for the Second Circuit, and on March 1, 2012, the appeals court declined to issue a certificate of appealability. (Doc. 9, Ex. E.)

Faced with these adverse decisions, Santiago next moved the court of appeals for authorization to file a second or successive habeas petition under 28 U.S.C. § 2255. (Doc. 9, Ex. F.) On May 22, 2012, the Second Circuit denied this motion because the 90-day period for filing for a writ of certiorari from the United States Supreme Court had not expired. (*Id.*) Moreover, the court "declined to transfer the matter to the district court in the interests of justice, because both the district court and this Court have previously rejected Petitioner's instant arguments." (*Id.*) Less than one month later, having been rebuffed by both the sentencing court and the United States Court of Appeals for the Second Circuit, Santiago filed the § 2241 petition with this court, seeking the same relief he pursued in his first petition filed in 2011, which this court dismissed on October 23, 2012 (Doc. 13).

In the instant motion for reconsideration, Santiago claims he did not know that he had a timeline to file objections to the report and recommendation. The report and recommendation, however, specifically advised the parties that objections had to be filed within fourteen (14) days of service of the report and recommendation.

2

Furthermore, Santiago does not address the fact that the dismissal was, in part, due to the fact that he brought his petition under the wrong statute.

The court notes that on November 3, 2012, Santiago filed a notice of appeal. In the October 23, 2012 order, this court declined to issue a certificate of appealability and no such certificate will be issued by this court now. An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated: November  8 , 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROSENDO SANTIAGO,                      :      CIVIL NO. 1:12-CV-1108

        Petitioner               :      (Judge Rambo)

        v.                       :      (Magistrate Judge Carlson)

WARDEN RONNIE HOLT,                    :

        Respondent               :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration is **DENIED**. This court continues to decline to issue a certificate of appealability.

SYLVIA H. RAMBO
United States District Judge

Dated: November 8, 2012.